**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE REDRIDGE DILIGENCE SERVICES, LLC D/B/A IMA DILIGENCE SERVICES AND PLAZA SERVICES, LLC DATA BREACH LITIGATION | No. 26 C 02192<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Quincy York, Torin Roberts, and Dollie Graves (collectively, "Plaintiffs") bring this putative class action against Defendant RedRidge Diligence Services, LLC ("Defendant"), alleging that Defendant's negligence caused a data breach which compromised Plaintiffs' sensitive personal information. Defendant moves to transfer this case to the District of Kansas pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Court denies the motion.

**Legal Standard**

A motion for a change of venue is governed by 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Transfer is appropriate if (1) venue is proper in both the transferor and transferee courts; (2) the transfer is for the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice. *Habitat Wallpaper & Blinds v. K.T. Scott, Ltd.*, 807 F. Supp. 470, 474 (N.D. Ill. 1992). The statute does not demand adherence to a "narrow or rigid set of considerations" but instead allows for "a flexible and individualized analysis." *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l,*

*Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (citation omitted). The party seeking transfer "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient" than the transferor forum. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220–21 (7th Cir. 1986).

**Background**

Plaintiffs allege that Defendant failed to adequately safeguard sensitive personal information it maintained in connection with its business. R. 25 ¶¶ 2–4. In January 2026, Defendant suffered a data breach after a ransomware group allegedly accessed Defendant's IT systems and exfiltrated Plaintiffs' personal information. *Id.*

Defendant is a limited liability company organized under Kansas law and is wholly owned by IMA Advisors, LLC, which in turn is wholly owned by IMA Financial Group, Inc. R. 32 ¶¶ 9–10. Defendant relies on its parent entities to provide many corporate functions, including legal, human resources, accounting, compliance, and risk-management. *Id.* ¶ 14. Those services are primarily concentrated in Kansas and Colorado. *Id.*[1] The IT infrastructure on which Defendant relies is based primarily in Colorado, where senior IT personnel with knowledge of Defendant's network, security practices, and response to the data breach are located. *Id.* ¶ 15. Defendant also maintains an office in Chicago, and Plaintiffs identify its President and several other senior officers as based in the greater Chicago area. *Id.* ¶ 16; R. 34 at 5–6.[2]

[1] Defendant itself has no employees based in Kansas. R. 32 ¶ 16.

[2] Plaintiffs mistakenly associate these corporate officers with a purportedly separate entity, IMA Diligence Services, LLC ("IMA"). However, IMA is the same entity as Defendant. *See* R. 32 at ¶ 9 ("Defendant changed its legal name from "Redridge Diligence Services, LLC" to "IMA Diligence Services, LLC" . . . on October 3, 2025.").

The data breach has generated several putative class actions. Two actions were filed in Kansas but were voluntarily dismissed without prejudice. R. 31 at 2–3. Four other actions were filed in this District and have either been consolidated into this case or are subject to the Court's consolidation order. R. 32 ¶¶ 6–7.

**Discussion**

For purposes of this motion, Defendant does not dispute that venue is proper in this District, and Plaintiffs do not dispute that the action could have been brought in the District of Kansas. R. 31 at 6, R. 34 at 7. Therefore, the relevant question is whether transfer will serve the convenience of the parties and witnesses and otherwise promote the interest of justice.

**I. Convenience of the Parties and Witnesses**

In evaluating convenience, courts consider the plaintiff's choice of forum, the situs of material events, access to sources of proof, and the convenience of the parties and witnesses. *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 946 (N.D. Ill. 2002). None of those factors weigh decisively in favor of transfer.

Plaintiffs' choice of forum receives reduced weight because none of the named Plaintiffs resides in Illinois and they seek to represent a nationwide class. *See Fahy v. Minto Dev. Corp.*, 722 F. Supp. 3d 784, 792–93 (N.D. Ill. 2024). As to the remaining factors, Defendant's relevant contacts are dispersed among several states. The IT infrastructure most directly implicated by the alleged breach is based primarily in Colorado, as are the personnel with knowledge of Defendant's network, security practices, and data breach response. R. 32 ¶ 15. Defendant relies on its parent entities

in Kansas and Colorado for corporate administration and governance support, but Defendant itself has no employees in Kansas *Id.* ¶ 14, 16. Defendant also maintains a Chicago office, and Defendant's senior corporate officers appear to be based in this District. R. 34 at 5. Thus, the relevant witnesses and events are dispersed among several jurisdictions rather than concentrated in Kansas.[3]

Additionally, access to evidence does not favor either forum, particularly because much of the relevant proof in data breach cases likely consists of easily portable electronically stored records. *See Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.,* 598 F. Supp. 2d 836, 840 (N.D. Ill. 2009) ("In this day and age, transferring documents from one district to another is commonplace and, given the widespread use of digital imaging in big-case litigation, no more costly than transferring them across town."). Thus, transfer to the District of Kansas is not clearly more convenient for the parties or witnesses.

**II. Interest of Justice**

The interest of justice inquiry concerns the efficient administration of the courts and includes likely speed to trial, familiarity with the applicable law, and each forum's relationship to the controversy. *Rsch. Automation*, 626 F.3d at 978.

For this analysis, Kansas has one meaningful advantage: its median time to trial is substantially shorter. Defendant cites federal court statistics showing a

---

[3] Defendant emphasizes that Denver is geographically closer to Wichita than Chicago. But it offers no evidence that requiring its Colorado-based witnesses to travel to Chicago rather than Wichita would impose a material additional burden. Nor has Defendant identified any material nonparty witness who would be subject to compulsory process in Kansas but not in this District. The Court therefore gives little weight to the difference in geographic distance.

median time to trial of 26.2 months in Kansas compared with 49 months in this District. R. 31 at 14–15. But docket speed alone does not warrant transfer. *See Frey v. Fraser Yachts,* No. 89 C 9109, 1990 WL 93364, at *4 (N.D. Ill. June 20, 1990) ("Docket congestion alone does not warrant a transfer of venue.").

The remaining considerations are neutral. Both courts can apply the governing law, and neither forum has a superior connection to the alleged breach, which principally implicates conduct and personnel in Colorado and involves a Defendant with connections to both the transferor and transferee districts. Moreover, no related data-breach action is currently pending in the District of Kansas, and the related actions filed in this District have either been consolidated into this case or are subject to the Court's consolidation order. R. 32 ¶¶ 6–7. Thus, transferring the case would not meaningfully advance judicial economy and the interest of justice does not favor transfer.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to transfer venue is denied. Defendant shall answer or otherwise respond to the Consolidated Complaint by October 30, 2026.

ENTERED:

Thomas M Durkin

Honorable Thomas M. Durkin
United States District Judge

Dated: October 8, 2026